in *Smith* v. *State, 3 Ga. App.* 806 (61 S. E. 739), to the effect that "in truth the burden of proving an alibi is never on the defendant." Upon the authority of this dictum counsel request us to certify this question to the Supreme Court, with a view to having that court review and overrule its numerous decisions to the contrary of the dictum just referred to. We must decline to grant this request. The proposition is settled by a long line of Supreme Court decisions, and we would not be justified in asking that court to overturn and set aside a rule of evidence which has been in force in this State from the time of the 34th *Ga.* down to the present time. Nor have we any reason to believe that that court would comply with the request if we made it.

4. Other complaints are made of extracts from the charge of the court, but the assignments of error are clearly without merit and do not require any elaborate discussion. The evidence was abundantly sufficient to show the guilt of the accused. The crime was an atrocious one, absolutely without mitigation, and it is creditable to the white jurors of Miller county that they so regarded it and promptly convicted each one of these conspirators of the highest crime charged in the indictment. There is no merit in any of the complaints made in the motion for new trial.

*Judgment affirmed.*

---

4095.   SMITH *v.* THE STATE.

POTTLE, J. On all material questions this case is controlled by the decision this day rendered in *Kirksey* v. *State*, ante, 142.

*Judgment affirmed.*

DECIDED MAY 7, 1912.

Indictment for assault with intent to murder; from Miller superior court—Judge Worrill. February 3, 1912.

*W. I. Geer,* for plaintiff in error.

*J. A. Laing,* solicitor-general, *R. R. Arnold,* contra.

---