## 11198.　HENDRIX et al. v. THE STATE.

In view of the evidence and the issues in this case, the court, whether so requested to do or not, should have charged the jury to the effect that if no conspiracy or concert of action between the defendants was shown by the evidence, each would be responsible only for wounds inflicted by himself, and if the evidence showed that only one of them killed the person with whose homicide they were charged, only that one could be found guilty. Failure to give such a charge requires that a new trial be granted.

DECIDED MARCH 2, 1920.

Conviction of manslaughter; from Rockdale superior court — Judge Hutcheson. December 6, 1919.

*C. R. Vaughn, King & Johnson,* for plaintiffs in error.

*George M. Napier, solicitor-general,* contra.

BLOODWORTH, J. Father and son were jointly indicted for murder and tried together. The evidence shows that each of them shot at the deceased; that several shots were fired, and the wounds, as well as the bullets taken from the body, disclosed that pistols of different caliber were used. The evidence fails to point out

which wound or wounds caused the death. It is the duty of the judge in charging the jury, even without being requested to do so, to cover every material issue in the case. The defendants insisted that there was no conspiracy between them to do any unlawful act of violence to the deceased, but that he made an assault on the father, shooting him, and that the father shot in self-defense, and the son in defense of his father, each acting independently. They insist that the court ignored their theory that the defendants were acting independently, and that "in the absence of a conspiracy or concert of action on the part of both defendants, or of the procurement one by the other, each was responsible only for the wounds inflicted by himself, and would not be legally responsible for the wounds inflicted by the other, so that if under such circumstances one shot and killed the decedent, the jury would not be authorized to find both guilty." As there is evidence which would authorize a charge on conspiracy, the judge should have charged thereon, and it was error, demanding the grant of a new trial, for the court to fail to charge that if the evidence showed no conspiracy or concert of action, then each of the defendants would be responsible for the wounds inflicted by himself only, and if the evidence showed that only one of them killed the deceased, then one alone would be guilty.

When the above principles are applied in the trial of this case, the errors in the charge complained of will be cured. It is not necessary to pass upon the other alleged errors, as it is not likely that they will reappear on another trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*