## 19030. HENDERSON *v.* THE STATE.

DECIDED JULY 10, 1928.

*Porter & Mebane,* for plaintiff in error.
*J. F. Kelly, solicitor-general,* contra.

LUKE, J. Henderson was indicted for and convicted of the offense of assault with intent to murder. His motion for a new trial was on the general grounds and on a special ground assigning error upon the following excerpt from the charge of the court: "But he could not be convicted of assault with intent to murder, unless he used a weapon in its nature likely to produce death, and that he assaulted the party mentioned in the indictment, if he did assault him, with the specific intent at the time to kill him; and the burden is on the State to establish that intent to kill, and that the weapon was a weapon in its nature likely to produce death, but this intent to kill and the character of the weapon may both be shown by circumstantial evidence as well as by direct evidence." The defendant contended that portion of the charge, to wit, "but this intent to kill and the character of the weapon may both be

shown by circumstantial evidence as well as by direct evidence," was error for the reason that the court failed to define, or instruct the jury upon, the circumstantial-evidence rule.

The conviction of the defendant was not dependent wholly upon circumstantial evidence; nor was the specific intent to kill, or the character of the weapon, wholly dependent upon circumstantial evidence. Therefore, under the repeated rulings of this court and of the Supreme Court, the failure to charge, without request, upon circumstantial evidence was not error. The evidence authorized the defendant's conviction. He has had a fair trial, and for no reason pointed out in the record did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*