### 24868. DIAMOND *v.* THE STATE.

DECIDED NOVEMBER 26, 1935.

*E. E. Andrews*, for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw*, contra.

MACINTYRE, J. Eddie N. Diamond was convicted, in the city court, of cheating and swindling. His certiorari was overruled and a new trial denied. The evidence in part was to the effect "that he, Austin Abbott, operated a used car business in the City of Atlanta at 278 Peachtree Street—that he bought and sold used cars —that in response to an 'ad' Eddie Diamond called and made an appointment to show him a car that Diamond wished to sell, that he went to Diamond's home on Sunday, March 4, 1934, and agreed with Diamond on a price of $325 for the car. * * * That on

Monday, March 5, 1934, Diamond appeared at his (Abbott's) place of business, parked the car in front and came into Abbott's store, they then and there closed the trade on said car." The defendant exhibited to Abbott a bill of sale dated February 24, 1934, made by Fernandez to the defendant which recited that the motor number of the car was 43365 (when in fact the number was M-21409) and supported this bill of sale with a license certificate showing the motor number 43365, when the motor number should have been stated as M-21409, representing the same as title papers on the car the defendant was delivering to Abbott; also, at the same time, the defendant executed to Abbott a bill of sale to the car showing the motor number 43365 when in truth the number was M-21409. "That, depending on these papers, and representations of Diamond's, he paid him $325 in cash. That among the papers exhibited by Diamond was a license transfer card issued with the license on the car. That the license number or tag on the car corresponded with the license number on the 'license transfer card' issued by the State and said card contained the same description of the car, including motor numbers, serial numbers, etc., as was contained in the title papers exhibited by Diamond and as was contained in the bill of sale then and there executed by Diamond to Abbott. That except to check the license numbers against the papers, he made no other examination of the numbers at that time, relying on the representations of Diamond and the papers exhibited by him. That he (Abbott) later sold the car to L. L. Butner of Atlanta, and that when he attempted to transfer the license to his purchaser, he found that the license, although the tags were on the car he purchased, was not issued for the car that Diamond had delivered to him, and that the license applied for and obtained by Diamond contained a motor and serial number not corresponding with the numbers on the car." That the car sold and delivered by the defendant to Abbott was not a car whose motor number was 43365 but was a stolen car with a number M-21409 which belonged to an insurance company; that Fernandez had mortgaged the car to the defendant on December 15, 1933, the mortgage stating that the motor number was M-21409; that on December 14, 1933, a garage man who had the car in his possession to make an estimate for repairs on it submitted a written statement to the defendant and in this written estimate which he

sent the defendant and which the defendant admitted receiving, the motor number on the car was stated to be M-21409.

1-3. It will be noted that the first time the erroneous number 43365 was given to the car was on February 5, 1934, by the defendant in his application for a State license and that nineteen days thereafter the defendant obtained a written bill of sale from Fernandez to himself, in which bill of sale the motor number was incorrectly stated as 43365. It will be further noted that when Fernandez mortgaged the car on December 15, 1933, to the defendant the correct number M-21409 was stated in the mortgage, and this mortgage when recorded protected the interest of the defendant, whereas an incorrect statement in the mortgage of the motor number in the description of the car might not have protected it. However, on February 24, 1934, the same Fernandez executed a bill of sale to the defendant for the same car and gave the wrong motor number 43365. If the right number had been put in the application for license at the state capitol, it is probable the stolen car would have been located sooner, even before the stolen car had been sold to Abbott, a month after the application for license had been made, but if a fictitious number were given, it would make it more difficult to trace the stolen car. Indeed, the evidence shows that after Abbott discovered the right motor number and the record of the numbers was "changed at the capitol and the true and correct numbers recorded as they appeared on the car, the police immediately came to Abbott's place and repossessed the car as a stolen car." The defendant in his statement said he got the number 43365 from an insurance policy of Fernandez; there was no corroboration of this and under section 38-415 of the Code of 1933 the jury could give the statement "such force only as they may think right to give it." They could disbelieve it in whole or in part. We think the jury were authorized to find that the State proved the legal requirements set out in headnotes 1 and 2.

4. When we consider the answer of the city-court judge to the writ of certiorari and the petition attached thereto, we do not think he erred in overruling the motion for a continuance. It follows that the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*