31076.  WARD *v.* THE STATE.

DECIDED DECEMBER 4, 1945.

*R. R. Burger, Shackelford & Shackelford,* for plaintiff in error.
*D. M. Pollock, solicitor-general,* contra.

BROYLES, C. J.  Reuben L. Ward was convicted of robbery by intimidation.  His motion for a new trial was denied and that judgment is assigned as error.  The defense was based upon an alibi, and evidence tending to sustain it was introduced.  However, the evidence for the State amply authorized the finding of the jury, and the general grounds of the motion are without merit.

Special ground 1 complains that the court permitted the solicitor-general, while cross-examining a witness for the defense, to propound the following question: "How long have you been out of the penitentiary at Tattnall?"  The only objection to the question was, "I don't see how that is relevant or material."  The ground fails to show error.  Special ground 2 is controlled by the ruling on special ground 1.

Special ground 3 assigns as error the failure of the court to charge, without a request therefor, "on the question of mistaken identity."  We think that the ground is without merit.

Special grounds 4 and 5 complain of the failure of the court to charge, without request, on the impeachment of witnesses. The grounds are without merit.

Special ground 6 alleges that the court erred in failing to charge the jury that the witnesses who testified for the defendant, to wit, W. T. Ward, Raymond C. Whitehead, D. C. Skelton, Carlton Seagraves, and Roy Bradley, who testified positively to an alibi, without any imputation or question as to their interest in the case, and without any question as to the identity of the said Reuben L. Ward, should be believed by the jury unless said witnesses were impeached "in some manner known to the law." The ground shows no cause for a new trial.

The last special ground is based upon the alleged newly discovered evidence of one Dink Guthrie. The alleged evidence is cumulative in its nature, and is not of such a character as would probably cause a different verdict to be returned upon another trial of the case.

The court did not err in denying a new trial.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*