## 32011. GLOSSON *v.* THE STATE.

DECIDED SEPTEMBER 25, 1948.

*Jess H. Watson, L. Cecil Turner, J. R. Parham,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, William Hall,* contra.

MacINTYRE, P. J.  The defendant, S. J. Glosson, was tried and convicted in the Criminal Court of Fulton County of a misdemeanor on an accusation which, omitting the formal parts, alleged: "For that the said S. J. Glosson, on the 9th day of December, 1946, in the County of Fulton, State of Georgia, did wilfully and knowingly, with intent to defraud one Jesse Elsberry, by deceitful means and artful practices, falsely and fraudulently represent to Jesse Elsberry that a certain restaurant business owned by said S. J. Glosson, located at 231 E. Vesta Avenue, College Park, Georgia, Fulton County, and known as 'Cozy Corner,' had recently been inspected by health authorities of Fulton County, Georgia, and did thereby induce the said Jesse Elsberry to purchase said restaurant business from him, the said S. J. Glosson, for the sum of $1800 cash, when in truth and fact

the said restaurant had been inspected by health authorities of Fulton County, Georgia, recently thereto, but said health authorities had given notice to said S. J. Glosson that said restaurant did not pass health requirements and that, in the present condition of the restaurant, they, the said health authorities of Fulton County, Georgia, would require that said restaurant business be closed, and said restaurant was thereafter closed by order of the Mayor and Council, City of College Park, Georgia, on or about April 22, 1947, thereby defrauding and cheating the said Jesse Elsberry of the sum of $1800, contrary to the laws of State, the good order, peace and dignity thereof." Following his conviction, the defendant filed his petition for certiorari in the Superior Court of Fulton County, which after a hearing was denied. To this judgment he excepts.

■ The judge did not err in overruling the oral motion to quash the accusation, which was in the nature of a general demurrer.

■ The fifth paragraph of the petition for certiorari shows that the State's witness, William L. Vinson Jr., while on the stand testified: "We went out there in regard to Mr. Elsberry's buying the place from him [the defendant], the cafe, and I talked to Mr. Glosson, myself, about the place and asked if it had been O.K.'d by the Health Department." To this testimony the defendant's counsel stated: "I object to any conversation he had with him as irrelevant and immaterial." The court overruled the objection.

The defendant was on trial for cheating and swindling by misrepresenting the fact that the restaurant sold had been approved by the county health officials. This testimony was not subject to the objection urged.

■ The seventh paragraph of the petition for certiorari shows that the Chief Inspection Engineer of the Health Department testified: The restaurant in question "was inspected under my direction. A report was made back to me in regard to the conditions out there, and as a result of that report I prepared a letter over the Commissioner of Health's signature requesting that the city close the place and rescind their license to operate the business, close the establishment out. I made several recommendations; the first was on February 20, 1946."

Defendant's counsel: "I object to that unless he made the

inspections himself, as hearsay, what somebody else said."

State's counsel: "He was Chief Inspection Engineer, and if the inspections were made under his direction and reports made to him and he gave the results of the investigation and what he did in regard to it."

Here the witness testified to what he did after receiving a report of an inspection made under his direction. He did not testify as to the contents of such reports or as to "what somebody else said." This ground shows no reversible error.

■ The ninth paragraph of the petition for certiorari assigns error, in that counsel asked the witness to compare a written paper with a certain inspection record which was made under the direction of the witness, who was the chief engineer in general charge of such inspections. The defendant's counsel stated: "I thought the court ruled out any report made to this witness, and he now asks him to compare this paper with such report for identification." State's counsel stated: "I was just asking him to compare it with the carbon copy of his permanent file in the health department of this county." The Court: "Well, go ahead."

Even if this amounted to a request that the evidence be not admitted, a mere request that evidence be not admitted or that it be ruled out, without stating any reason, does not amount to an objection. This assignment of error presents no question for decision by this court. *Hill* v. *State*, 201 *Ga.* 300 (3) (39 S. E. 2d, 675) ; *Ward* v. *State*, 73 *Ga. App.* 217 (36 S. E. 2d, 129).

■ " 'The right of cross-examination, thorough and sifting, shall belong to every party as to the witnesses called against him' (Code, § 38-1705), and a substantial denial of this right is cause for the grant of a new trial. The scope of the cross-examination of a witness is not unlimited, but rests largely within the discretion of the judge." *Hyde* v. *State*, 70 *Ga. App.* 823, 824 (29 S. E. 2d, 820). "The right of a defendant to make a thorough and sifting cross-examination of a witness called against him (*Mitchell* v. *State*, 71 *Ga.* 128 (6)), does not authorize his counsel, on cross-examination, to elicit irrelevant facts." *Smiley* v. *State*, 156 *Ga.* 60 (3), 61 (118 S. E. 713).

The question, shown in the eleventh paragraph to have been asked a witness on cross-examination, sought to elicit irrelevant facts. The court did not commit reversible error by confining

the cross-examination to matters in some way relevant to the issues being submitted.

■ The thirteenth paragraph of the petition for certiorari is an insufficient assignment of error to raise any question for the determination of this court, because the documentary evidence alleged to have been erroneously admitted is not set forth in the ground or attached thereto as an exhibit. It is not shown what the documentary evidence to which objection was made consisted of. Therefore the ground is incomplete. *Martin* v. *State*, 73 *Ga. App.* 573 (37 S. E. 2d, 411). Without an examination of the document admitted, this court can not determine whether its admission was erroneous or harmful.

■ In the fifteenth paragraph of the petition for certiorari, the question shown to have been propounded was neither material nor relevant to any of the issues involved in the case, and the objection thereto was properly sustained.

■ The assignment of error in the seventeenth paragraph, "that the court in his charge to the jury failed to charge the essential elements of the crime of cheating and swindling," presents no question for the determination of this court, in that it does not show wherein the court failed to charge the essential elements of the crime, nor does it show what the court should have charged.

■ The evidence authorized the jury to find each and every one of the essential elements constituting the crime of cheating and swindling as alleged in the accusation, and the court did not err in denying the petition for certiorari.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*