## 32706.   CHANDLER *v.* THE STATE.

DECIDED DECEMBER 5, 1949.

554

*Francis Y. Fife,* for plaintiff in error.

*John I. Kelley, Solicitor, Paul Webb, Solicitor-General, William Hall, Sam P. McKenzie,* contra.

GARDNER, J. Code § 38-202, provides that "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." It follows that the trial judge erred in admitting, over the objection of the defendant's counsel timely made, the testimony of one of the prosecuting witnesses that he had turned an automobile over to the defendant to sell with the understanding that all above $1,500 received by the defendant from the sale of this automobile was to be "split" between them and that the defendant had failed to do this and to tell him to whom he had sold the car and the amount he had received, the same being admitted by the court as a part of the general transaction, out of which grew the charge for which the defendant was being tried. The defendant was charged with and being tried for defrauding the witness and two others by selling to them one-third of his used car lot and representing that he was selling to them a three year lease on the same. The court improperly admitted same as a part of the "same general transaction." See *Fitzgerald* v. *State,* 184 *Ga.* 19 (190 S. E. 602), and *Sanders* v. *State,* 54 *Ga. App.* 238 (2) (187 S. E. 608), and cit.

The evidence for the defendant failed to prove that he was guilty of cheating and swindling by false representations. In *Diamond* v. *State,* 52 *Ga. App.* 184 (182 S. E. 813), it was held that "The essential requisites in the offense of cheating and swindling by false representations are: (a) that the representations were made; (b) that they were knowingly and designedly false; (c) that they were made with intent to deceive and defraud; (d) that they did deceive and defraud; (e) that they related to an existing fact or past event; (f) that the party to whom the false statements were made, relying on their truth, was thereby induced to part with his property. It is incumbent upon the State to prove all of these elements of the offense; and if any one is lacking in the proof, the offense is not made out." See *Goddard* v. *State,* 2 *Ga. App.* 154 (58 S. E. 304). The evidence for the State fails to show that there was any false rep-

resentation knowingly and designedly made by the defendant to induce the partners to part with the $3,500 and purchase a one-third part of the used car lot. Likewise the evidence fails to show beyond all reasonable doubt that the defendant did deceive and defraud the partners. The evidence shows that the partners evidently did not consider themselves defrauded by this defendant when they were endeavoring to sell the business back to the defendant within less than two months after the trade, and when they wrote the letter which was in evidence and is quoted in the statement of facts and when they made the agreement set out therein, which was likewise in evidence. The evidence does not show that the defendant made a representation to the partnership that he was selling to them a three-year lease on one-third of the used car lot and that by reason thereof they were induced to part with this $3,500. The evidence does not show that the partners were actually defrauded by the defendant. It does not appear that the defendant could not and would not have complied with his agreement, as testified to by two of the partners, although one of them did not testify that the three-year lease was a controlling factor of the agreement between the partnership and the defendant, and of the sale to them by the defendant of one-third of the used car lot. The holder of a lease on this property until 1955 was the secretary of the company of which the defendant was president, the Southeastern Auto Sales Inc.; and the partners bought a one-third interest in this lease. It does not appear that it was not the purpose of the defendant to allow the partners to operate on the one-third of the used car lot for three years. It does not appear that it was without his power to do so. It therefore does not appear that the defendant made a false representation; that the same was made with intent by him to deceive and defraud the partners; that the partners were induced by any representation as to a three-year lease to purchase the one-third of the used car lot and that they had been defrauded by the statement as to the three-year lease. They made no complaint about any such alleged false statement in their subsequent dealings with the defendant concerning the used car lot and the disposition of their one-third. In fact, they expressly stated in writing that there was no dissatisfaction on their part as to anything done

by this defendant. They signed an agreement with the defendant as president of the corporation in which no such claim as now appears was made and in which they, for a consideration, agreed to forego any claims they might have "against the premises." There is nothing in *Oglesby* v. *State*, 79 *Ga. App.* 771 (54 S. E. 2d, 331), to the contrary of what is now held or which requires a different ruling. That case is not at all like the case at bar. Nothing to the contrary of what we now rule appears in *Lockhart* v. *State*, 76 *Ga. App.* 289 (45 S. E. 2d, 698), nor in *Summers* v. *State*, 63 *Ga. App.* 445 (11 S. E. 2d, 409). We have examined the case of *Glosson* v. *State*, 77 *Ga. App.* 705 (49 S. E. 2d, 691), and that decision is not in conflict with the holding now made, which is that the evidence does not authorize the defendant's conviction of violating Code § 26-7410, or any other penal statute of this State.

It follows that the verdict being contrary to the law and evidence, and without evidence to support it, and not authorized by the evidence adduced, it was error for the judge of the superior court to overrule the defendant's petition to that court for the writ of certiorari.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*