33757. SUMMEROUR *v.* THE STATE.

DECIDED OCTOBER 25, 1951. REHEARING DENIED DECEMBER 5, 1951.

*Johnson & Johnson,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Everett C. Brannon,* contra.

GARDNER, J. ■ In putting the array of jurors on the defendant, it was ascertained that there were only 40 jurors in court who were not disqualified for cause. The court inquired of the defendant's counsel if they desired a full panel. Counsel answered in the affirmative, whereupon the court requested that the jury box be brought in, since the defendant desired a full panel. The court proceeded in open court to draw from the jury box a number of jurors and ordered the sheriff to summon them. Some of the jurors resided in the city limits of Gainesville and nearby, and others farther away. The sheriff proceeded to summon the jurors as he came to them, and not as they were drawn from the box. When the panel was filled, a challenge to the array was filed by the defendant because the jurors were not summoned as drawn, and because the defendant was entitled to have them summoned as drawn, or their absence legally accounted for. The court overruled this challenge, and to the overruling of this challenge the defendant filed exceptions pendente lite and assigns error thereon. This point has been ruled adversely to the defendant in *Bennett* v. *State,* 67 *Ga. App.* 384 (20 S. E. 2d, 193). Counsel for the defendant states, however, that, at the time he made this challenge and at the time he filed exceptions pendente lite, he was not familiar with the Bennett case, but counsel insists that for the court to call for the jury box in such circumstances as here, and state that the defendant's counsel desired a full panel, was prejudicial to the defendant to such an extent that the verdict and judgment should be reversed. The statute seems to contemplate that all such proceedings be public, and we cannot see how it could possibly have prejudiced the defendant. This contention is without merit.

■ As to the general grounds, we have set out the evidence somewhat in detail. While it is sharply in conflict on some material issues, these were jury questions and were resolved by the jury against the defendant. Some of the special grounds are involved in the general grounds, and we will deal with them in their order.

■ Special grounds 1 and 2 are to the effect that the venue of the offense charged was not proven to be in Hall County as

alleged, but that it took place in Dawson County. The money was delivered by the defendant to Mr. Stephens for Roper in Hall County. The defendant, at the request of Roper, received the money from Mr. Stephens for Roper in Hall County, and he converted at least $5 of the money in Hall County and paid it to Mr. Smith. There is no contention that he did not appropriate the balance of $395 in Hall County. There is no conflicting evidence as to venue. In such event slight evidence only is necessary to prove venue. *Baker* v. *State*, 55 *Ga. App.* 159 (1) (189 S. E. 364), and citations. See also *Flanigan* v. *State*, 83 *Ga. App.* 835 (65 S. E. 2d, 37), and citations. These grounds are without merit.

■ Special grounds 3 and 4 are to the effect that the evidence showed that the money in question was entrusted to the defendant by Mr. Stephens and not by Roper. We do not think that this contention is tenable, for the reason that Roper requested the defendant to obtain the money from Mr. Stephens for Roper. The defendant did obtain the money from Mr. Stephens, but did not deliver it to Roper. This is analogous to where a man is entrusted with a check for the purpose of obtaining the money from the bank and the money is obtained on the check and converted. There are numerous decisions to the effect that, in such an event, the one who cashes the check and receives the money for a specific purpose for the owner, and fails to so use the money, converts it to his own use. See *Brandt* v. *State*, 71 *Ga. App.* 221 (30 S. E. 2d, 652).

■ Special ground 5 assigns error because, when Frank Welchel, Esq., was on the stand, counsel for the defendant propounded to the witness, a question to the effect: Did the prosecutor, Roper, go to the office of the witness and discuss with attorney Welchel the case pending against Roper in the United States District Court? Over objections of the State, the court excluded this testimony. It is stated that the attorney expected the witness Welchel to answer that Roper did go to Welchel's office and discuss the case. It is stated that the testimony thus sought to be elicited was material, and that the ruling of the court was prejudicial and harmful to the defendant's case for the following reasons: (1) the prosecutor, Roper, had previously testified that he had not gone to attorney Welchel and discussed his case, and this evidence should have been admitted for the

purpose of impeachment; (2) it was further admissible for the purpose of showing that Roper was doing all he could to get a settlement of his case in the United States District Court; and (3) Roper had been to others before he came to movant to get help. We cannot agree that the assignments in this ground are meritorious. For the prosecutor to discuss the suit pending against him with an attorney, it occurs to us, has no bearing upon the issue involved and sheds no light upon it. See *Mc-Kinney* v. *Darby*, 56 *Ga. App.* 621, 624 (193 S. E. 594) ; *Luke* v. *State*, 184 *Ga.* 551 (192 S. E. 37).

■ In special grounds 6 and 7 error is assigned because the court failed to charge the law pertaining to the credibility of witnesses as embraced in the Code, §§ 38-1804, 38-1805, and 38-1806. It is the contention of counsel for the defendant that the court should have charged the law on impeachment of witnesses without a written request to do so. In the argument of learned counsel our attention is called to many decisions, among them *Watson* v. *State*, 118 *Ga.* 83 (44 S. E. 824) in which it is contended that the court recognized that in some cases this principle should be charged without a written request. We do not think that this decision is authority for the holding that these assignments of error are good. Counsel cites many other decisions, many to the effect that a trial court should give to the jury appropriate instructions on every substantial issue in the case presented by the evidence, and a failure to do so is cause for a new trial, and that the controlling issues in every case should be given in charge to the jury by the trial judge without a written request. Our attention is called to *Dorsey* v. *State*, 126 *Ga.* 633 (55 S. E. 479) ; *Walker* v. *State*, 122 *Ga.* 747 (50 S. E. 994) ; *Holland* v. *State*, 17 *Ga. App.* 311 (86 S. E. 739) ; *McLendon* v. *State*, 14 *Ga. App.* 737 (82 S. E. 317). While the principles of law to which our attention is called are sound, we do not think that they fit the facts of this case, because it is not reversible error to fail to charge the law of credibility of witnesses without a written request. *Baker* v. *State*, 14 *Ga. App.* 578 (81 S. E. 805) ; *Shewmake* v. *State*, 71 *Ga. App.* 349 (30 S. E. 2d, 816). The assignments of error in this special ground show no reversible error.

■ Special ground 8 assigns error on the failure of the court

to charge, without a written request, the law of circumstantial evidence. This rule does not apply except in those cases where the evidence is wholly circumstantial. By reference to the statement of facts as shown by the evidence, this case does not depend upon circumstantial evidence alone. It is almost wholly direct evidence. *Curtis* v. *State,* 72 *Ga. App.* 857 (35 S. E. 2d, 310); *Chancey* v. *State,* 73 *Ga. App.* 283 (36 S. E. 2d, 364). There are numerous other cases to the same effect. This ground is without merit.

■ In special ground 9, exception is taken to an excerpt from the charge of the court as follows: "However, if you believe from the evidence in this case that the defendant did take or use this money for his own use, that is, if you believe under the evidence that at the time he had hope or expectation of replacing it, that cannot be considered as an excuse for violating the law. When he takes the money which has been entrusted to him by another, he deprives that individual of his domain over it, knowing that he has no legal right to do so, and every man is presumed to know the law, but guilty intent is necessary and must be proven under the circumstances." It is averred that this excerpt was reversible error: (a) because it was an expression of opinion; (b) because it omits the word "fraudulent"; (c) because it was misleading to the jury, in that it instructed them that the defendant could be found guilty whether the taking was fraudulent or not; (d) because it was confusing, in that it instructed the jury that the defendant could be found guilty if he took the money whether he did so with a fraudulent intent or not.

When we view this excerpt in the light of the whole charge, we do not consider it cause for a reversal. The court in the course of its charge gave in its entirety Code § 26-2809; then the court also called the jury's attention correctly to the three essential elements of larceny after trust: (1) the bailment, (2) the purpose of the bailment, (3) the fraudulent conversion. The court further stated immediately in this connection that the State must prove these essentials by evidence in the manner in which the court had instructed the jury to do. Further on in the charge, the court specifically called the attention of the jury to the fact that the State must prove the intent to steal and

that, unless the State had proven that charge and these essential elements, the jury could not convict the defendant. The court further charged that, if "he in good faith retained the money and believed he had a right to do so, he would not be guilty of larceny after trust, for in such case there would not be fraudulent conversion, which is a necessary element under larceny after trust." Then it was that the judge charged the excerpt of which complaint is made. The court had already instructed the jury as to the burden of proof which rested upon the State and concerning the weight of the defendant's statement. It thus appears that the charge as a whole was correct, clear and full, and not subject to any errors assigned.

The court did not err for any of the reasons assigned in the exceptions pendente lite, nor in denying the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*