A94A0275. THE STATE v. BRAGG et al.
(446 SE2d 226)

Judge Harold R. Banke.

Defendant James Earl Bragg was charged in an indictment with four counts of child molestation and two counts of aggravated sodomy. In the same indictment, defendant Robert William Bragg was charged with three counts of child molestation and two counts of aggravated sodomy. Defendants filed a plea in abatement which was granted by the trial court. The State appeals pursuant to OCGA § 5-7-1 (1).

At the hearing on defendants' plea in abatement, Investigator John Stevens testified that he was the only witness to testify before the grand jury regarding defendants' case and that his testimony was not based on personal knowledge. He also stated that he had not talked to the victim or the defendants and that all of his information came from the police report and information he collected through conversations with the victim's mother, the physician who examined the victim, a prosecutor from the Gwinnett County District Attorney's office and a detective with the Clayton County Police Department. The trial judge ruled that all of Detective Stevens' testimony was hearsay; therefore there was no probative evidence before the grand jury.

This case is controlled by *Summers v. State*, 63 Ga. App. 445 (2) (11 SE2d 409) (1940), in which this court held: "[W]here . . . it appears that a competent witness or witnesses were sworn and examined before the grand jury by whom the indictment was preferred, a plea in abatement on the ground that it was found on insufficient evidence, or illegal evidence, or no evidence, will not be sustained, because it comes under the rule that no inquiry into the sufficiency or legality of the evidence is indulged. Competent witnesses having been

sworn and examined before the grand jury, the sufficiency of the evidence introduced before it is a question for determination by the grand jury, and not by the court." *Summers*, supra at 449. See also *Felker v. State*, 252 Ga. 351 (2) (314 SE2d 621) (1984).

*Judgment reversed. Birdsong, P. J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I recognize that we are constrained to follow the rule established in *Summers v. State*, 63 Ga. App. 445 (2) (11 SE2d 409) (1940) and confirmed in *Felker v. State*, 252 Ga. 351, 366 (314 SE2d 621) (1984) with regard to the sufficiency of evidence before a grand jury. However, I cannot agree that the application of this rule in the present case is appropriate.

The indictments returned by the grand jury against the defendants herein were based *wholly* upon hearsay evidence, lacking in probative value. It is undisputed that John Stevens, the sole witness appearing before the grand jury, testified from the contents of a police report that he received from the Gwinnett County Police Department. He did not participate in the preparation of the report, did not speak with the individual who prepared the report, and was not a witness to any facts alleged in the report. Hence, Stevens' testimony before the grand jury derived its value solely from the veracity of others who reported the alleged occurrences to the reporting officer and the veracity of the reporting officer, none of whom were present at the grand jury proceeding.

I believe that hearsay testimony *alone* should be insufficient to support indictments.

DECIDED JUNE 21, 1994 —
RECONSIDERATIONS DENIED JULY 12, 1994 —

*Robert E. Keller, District Attorney, Mary D. Hanks, Assistant District Attorney*, for appellant.

*Nan M. Deegan, Cowen & Cowen, Martin L. Cowen III*, for appellees.