### 744. PAULK *v.* THE STATE.

1. The city court of Baxley is a constitutional city court, and the judge of that court is authorized, under the constitution of 1877, to preside in the superior court of Appling county in any case where the judge of the latter court is disqualified, and, when so presiding, "becomes the impersonation of the superior court for that case."

2. On the trial of an indictment for the offense of hog stealing, where the issue of fact was as to the intention of the defendant, it being contended by the defendant that his intent was not to steal the hog in question, but to wound and kill it, it was error to refuse a written request to charge, timely made and pertinent to this issue.

Indictment for hog-stealing, from Appling superior court—
Judge Thomas presiding. July 11, 1907.

Submitted October 9,—Decided October 16, 1907.

*W. W. Bennett,* for plaintiff in error.

*John W. Bennett, solicitor-general, W. W. Lambdin,* contra.

HILL, C. J. The plaintiff in error was convicted of the offense of simple larceny, in the superior court of Appling county. The judge of the superior court of that county was disqualified to try the case, and the judge of the city court of Baxley presided on the trial. The defendant moved for a new trial, which was refused, and he excepted.

1. The first question made is whether the judge of the city court of Baxley had the right, under the constitution of 1877, to preside in this case. It was admitted that the judge of the superior court of that county was disqualified. The constitution of 1877, art. 6, sec. 5 (Civil Code, § 5851), provides as follows: "In any county within which there is or hereafter may be a city court, the judge of said court, and of the superior court, may preside in the courts of each other in cases where the judge of either is disqualified to preside." This provision of the constitution has been held by the Supreme Court to apply only to constitutional city

courts. The fact that the city court has only jurisdiction to try misdemeanor cases does not affect the constitutional right of a judge of a constitutional city court to preside in the superior court in a felony case, where the judge of the latter court is disqualified. As to the disqualified case in the superior court, the judge of the city court is invested with all the power and authority of the judge of the superior court. In the language of Mr. Justice Jackson, in *Northwestern Mutual Life Ins. Co.* v. *Wilcoxon,* 64 *Ga.* 556, "He becomes the impersonation of the superior court for that case during the term." The city court of Baxley has been decided by the Supreme Court to be a constitutional city court. *Sellers* v. *Mann,* 113 *Ga.* 643 (39 S. E. 11); *Heard* v. *State,* 113 *Ga.* 444 (39 S. E. 118); *Ivey* v. *State,* 112 *Ga.* 180 (37 S. E. 398). See Acts 1897, p. 420.

2. The next ground of error insisted upon is that the court refused to give the following written instruction to the jury: "Gentlemen of the jury, if you find from the evidence in this case that this defendant, in company with the other defendant, with a gun, shot and wounded the hog in question, without any intention of stealing it, and then, with a club, beat the hog to death and threw it into the water of a river swamp, without any intention of stealing it and without converting it to their own use, but simply killed it and left it there to rot, then and in that event he would not be guilty of the offense of simple larceny as charged in this indictment." Under the evidence there was no question that the defendant and his codefendant did kill and drag the hog of the prosecutor, described in the indictment, from the place where they killed it and hid it behind a log, in the shallow water of the lake swamp. The material question was as to their intention. Did they intend to steal the hog, or did they intend wantonly and maliciously to maim and kill the hog? The learned judge charged the jury the general elements constituting the offense of simple larceny as applicable to the facts of the case, and as contended for by the State. He failed to charge the contention of the defendant that the jury would not be authorized to convict if the intention of the defendant was not to commit the crime of larceny, but some other offense not set out in the indictment. We think this was error, and that the above request was pertinent to the issue and contentions as made by the evidence, and should have been

submitted to the jury.  For this reason alone, we are constrained
to grant a new trial.          *Judgment reversed.*