### 3115.   PAULK *v.* THE STATE.

HILL, C. J.  1. The controlling issue in this case, under the evidence, is whether the defendant intended to steal the hog, or only to kill it. The trial judge very clearly instructed the jury that before they would be authorized to convict they must believe, beyond a reasonable doubt, that the defendant intended to steal, and not to kill the hog.  The facts and circumstances proved authorized the inference by the jury of the existence of the animus furandi.  *Paulk* v. *State,* 2 *Ga. App.* 660, 662 (58 S. E. 1108).

2. The defense of alibi relied upon was not sustained by the evidence.  It wholly failed to exclude the possibility of the defendant's presence at the time and place of the commission of the offense.  And besides, the accused, in his statement to the jury, admitted his presence at the place of the commission of the offense about the time of its commission. The evidence in support of the defense of alibi was not of such clear and strong probative value as to require from the court an instruction

on the law of alibi, especially in the absence of a timely written request. It is only where the defense of alibi is sustained, or where the evidence is close on this issue, that the trial judge is required to charge the law of alibi, without any instruction. *Moody* v. *State,* 114 *Ga.* 449 (40 S. E. 242) ; *Smith* v. *State,* 6 *Ga. App.* 577 (65 S. E. 300).

3. While the evidence for the State is not entirely satisfactory to this court, it was so to the jury, whose verdict was approved by the trial judge; and as this is the third conviction, this court, in the absence of any error of law, will not disturb the verdict. *Judgment affirmed.*

DECIDED JANUARY 31, 1911.

Indictment for hog-stealing, from Appling superior court— Judge Conyers. November 12, 1910.

*W. W. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.

