### 3991. DIXON *v*. THE STATE.

RUSSELL, J. 1. The court did not err in allowing the State to withdraw its election to try first one jointly indicted with the plaintiff in error, and to put the latter on trial first. Though defendants jointly indicted have the right to sever for trial, and the State may elect which defendant shall be first tried, the election on the part of the State is not final, especially when it is not made to appear that the rights of the accused were prejudiced by the State's determination to try one of the defendants before the other.

2. Only when expressly provided by law can the privilege of a witness resist the demand of justice for the truth, and the witness refuse to answer a legal question. A physician is competent to testify as an expert, and no expert can refuse to testify because he has not been compensated or will not be compensated for his testimony. An expert testifying as a witness has no greater privilege than any other witness.

3. While, primarily, testimony that one accused of crime voluntarily submitted himself to arrest is inadmissible, as being of the same nature as a self-serving declaration, still, where testimony has been introduced on the part of the prosecution, tending to show flight, as evidence of conscious guilt, it is competent for the accused to rebut it by evidence

2

showing that, so far from attempting to escape, he notified the sheriff of his desire to submit himself to custody.

4. The defendant in a criminal case in this State has the right to make an unsworn statement to the jury in his own defense. This statutory right is an anomoly, and is not controlled by the rules governing the introduction of evidence, and, though the defendant may not, without the permission of the court, make more than one statement, he may make his statement at any stage of the case, before the close of the evidence, when the prosecution is not introducting testimony.

5. In a prosecution for homicide, it is error to · charge the jury that "provocation by words, threats, menaces, and contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder" (Penal Code, § 65), without qualification and explanation to the effect that though words, threats, menaces, and contemptuous gestures can in no case mitigate the offense of murder *to* voluntary manslaughter, they may, upon a plea of self-defense, justify a killing, if the circumstances attending the menaces were sufficient to induce a reasonable fear in the mind of the accused that he was in danger of losing his life or of having a felony committed upon him. *Cumming* v. *State*, 99 *Ga.* 662 (27 S. E. 177); *Rossi* v. *State*, 7 *Ga. App.* 732 (68 S. E. 56).

6. It is the duty of every person arrested under legal process to quietly submit; and if the offense is committed in the presence of the arresting officer, the rule is the same, and in case the offender refuses to submit, the officer has the right to use such force as is necessary to accomplish the arrest.

7. A town marshal can not, without a warrant, arrest an offender, unless the offense is committed in his presence, or the offender is attempting to escape, or there is likely to be a failure of justice for want of an officer to issue a warrant.

8. Resistance to an illegal arrest is no violation of the law, provided the force offered in resistance does not exceed what is necessary and proper to that end, under the circumstances.

9. The law having clearly defined a legal arrest, the arresting officer is charged with the duty of acting in conformity with the law, and acts at his peril if he violates it; and, likewise, the law having enjoined that the citizen quietly submit to lawful arrest, his assumption that the arrest is unlawful is made at his peril.

10. An assault and battery by an officer of the law upon his prisoner can not be justified upon the ground that the beating was provoked by the prisoner's use of opprobrious words and abusive language; and though, by the use of such language, the prisoner becomes a violator of the law, the arresting officer can not inflict a penalty for this infraction of the criminal statutes. The court, having been appropriately requested to give the above principle in charge, erred in refusing to so instruct the jury.                                                    *Judgment reversed.*

DECIDED DECEMBER 21, 1912.

Indictment for murder—conviction of manslaughter; from Johnson superior court—Judge Rawlings. December 18, 1911.

*Kent & Moye, Hines & Jordan,* for plaintiff in error.