## 6392. HOLLAND *v.* THE STATE.

WADE, J. 1. "When alibi is the only defense set up by a defendant in a criminal case, and this defense is sustained by testimony, the jury should be properly instructed in the rules governing the consideration of the subject of alibi, even in the absence of a request, and although the defense of alibi is included in the general plea of 'not guilty.' It is the duty of the court to instruct the jury, without request, in the law applicable to the substantial issues presented by the evidence." *Hobbs* v. *State,* 8 *Ga. App.* 53 (3), 54 (68 S. E. 515).

(*a*) The defendant sought to establish an alibi. The court properly instructed the jury that the burden was on the accused to prove the impossibility of his presence at the scene of the crime at the time of its commission, "not beyond a reasonable doubt, but to the reasonable satisfaction of the jury;" but the court failed to instruct the jury that evidence introduced to establish the defense of alibi should be considered on the general case with the rest of the evidence, and that if a reasonable doubt of guilt was raised by the evidence as a whole (including the evidence tending to support the alibi), the doubt must be resolved in favor of the innocence of the accused. *Raysor* v. *State,* 132 *Ga.* 237-239 (63 S. E. 786). This omission was erroneous. "Though the burden was the defendant's to show alibi to the satisfaction of the jury, and on that issue reasonable doubts would not avail him, yet, on the final issue of guilty or not guilty, . . all the evidence is for the consideration of the jury, and it is for them to say whether, from all of it, he is guilty beyond a reasonable doubt." *Ledford* v. *State,* 75 *Ga.* 856-858;

*Harrison* v. *State,* 83 *Ga.* 129 (9 S. E. 542) ; *Callahan* v. *State,* 14 *Ga. App.* 442 (81 S. E. 380). Charge on this subject approved in *Smith* v. *State,* 3 *Ga. App.* 803 (61 S. E. 737). See also *Bone* v. *State,* 102 *Ga.* 387 (2), 392 (30 S. E. 845) ; *Cochran* v. *State,* 113 *Ga.* 726 (39 S. E. 332).

2. Where timely objection is interposed, a witness can not be sustained by proof of general good character when his character has not been placed in issue by any attempt to impeach him by proof of contradictory statements previously made by him, or by proof of his general bad character. "A mere conflict between the testimony of witnesses for the respective parties to an action, will not authorize the admission of evidence as to the credibility of such witnesses." *Anderson* v. *Southern Ry. Co.* 107 *Ga.* 500-507 (33 S. E. 644) ; *Hamilton* v. *Conyers,* 28 *Ga.* 276; *Travelers Ins. Co.* v. *Sheppard,* 85 *Ga.* 751 (5), 766 (12 S. E. 18) ; *Miller* v. *Western & Atlantic Railroad Co.,* 93 *Ga.* 480 (21 S. E. 52) ; *Bell* v. *State,* 100 *Ga.* 78 (27 S. E. 669) ; *Barco* v. *Taylor,* 5 *Ga. App.* 372 (63 S. E. 224) ; *McAllister* v. *State,* 7 *Ga. App.* 541 (67 S. E. 221) ; *Williams* v. *State,* 15 *Ga. App.* 314 (82 S. E. 817).

3. The remaining grounds of the amendment to the motion for a new trial need not be considered, as the errors complained of are not likely to recur.     *Judgment reversed.*

DECIDED OCTOBER 26, 1915.

Indictment for sale of liquor; from Whitfield superior court—Judge Fite. January 27, 1915.

*M. C. Tarver,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.