### 13619.   DORSEY *v.* THE STATE.

BROYLES, C. J.   1. The evidence in support of the defense of alibi was not of such probative value as to require a charge on the law of alibi, in the absence of a timely written request. *Paulk* v. *State,* 8 *Ga. App.* 704 (2) (70 S. E. 50), and citations.

2. The defendant's conviction was amply authorized by the evidence and the court did not err in overruling the motion for a new trial.

<em>Judgment affirmed. Luke and Bloodworth, JJ., concur.</em>

DECIDED JULY 11, 1922.

Indictment for possessing liquor; from Cobb superior court — Judge Blair. April 15, 1922.

*John T. Dorsey,* for plaintiff in error.

*John S. Wood, solicitor-general, Lindley W. Camp,* contra.

---

### 13620.   WALLER *v.* THE STATE.

LUKE, J.   The sole assignment of error is that the evidence does not authorize the verdict. There is ample evidence to authorize the conviction, and the verdict having the approval of the trial judge, it was not error to overrule the motion for a new trial.

<em>Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.</em>

DECIDED JULY 11, 1922.

Indictment for manufacture of liquor; from Douglas superior court — Judge Irwin. April 14, 1922.

*Lester C. Dickson,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.