## MOSLEY *v.* THE STATE.

Where testimony adduced by accused on trial for murder tended to show that he was not actually present at the time of the homicide, the charge to the jury should have presented the issue of alibi, although there was no request for instruction.

Criminal Law, 16 C. J. p. 976, n. 42; p. 1058, n. 33.
Homicide, 30 C. J. p. 335, n. 66.

BECK, P. J., dissenting. The evidence did not involve the defense of alibi.

No. 6254. DECEMBER 13, 1927.

Murder. Before Judge Hardeman. Candler superior court. August 26, 1927.

*Kirkland & Kirkland, Oliver & Oliver,* and *John Z. Ryan,* for plaintiff in error.

*George M. Napier, attorney-general, A. S. Bradley, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

GILBERT, J. 1. In a very close case on the facts, where the testimony adduced by one accused of murder tended to show that he was not actually present at the time of the homicide, the issue of alibi should have been given in charge to the jury, even though no request was duly presented therefor. *Fletcher* v. *State,* 85 *Ga.* 666 (11 S. E. 872); *Moody* v. *State,* 114 *Ga.* 449 (40 S. E. 242); *Hobbs* v. *State,* 8 *Ga. App.* 53 (68 S. E. 515); *Holland* v. *State,* 17 *Ga. App.* 311 (86 S. E. 739). In the *Fletcher* case, supra, it is stated in the opinion that "the main assignment of error in this case is that the court failed or refused to charge the jury upon the question of the issue raised by the plaintiff in error of alibi." Reference to the original record, however, discloses that there was no request for a charge on the subject of alibi; so that case is direct authority for the principle here ruled.

2. In the present case the accused was jointly indicted with several others, and the State does not contend that this defendant fired the shot resulting in the homicide. The State contends that the evidence shows a conspiracy in which this defendant participated, making his actual presence unnecessary to uphold a conviction. The only evidence introduced by the State connecting this defendant with the killing was to the effect that he fired a gun almost simultaneously with a discharge of one by another defendant, that the other defendants perpetrated the killing, the shot fired by this defendant having wounded a companion of the deceased. The shooting occurred on the front porch of the house. Defendant's evidence tended to show that at the time of the shooting he was in an outhouse, a short distance in the rear of the house. "The matter of distance from the person assaulted or killed is of slight if any importance. It is conceivable that a man could be within a very few feet of another, and yet be so placed as to render his guilt of any crime in connection with him a

physical impossibility. If this is proved on the trial, he has established an alibi. On the other hand, it is equally conceivable that a homicide or an assault could be committed though a great distance intervened between the person assaulting and the one assaulted." *Harris* v. *State,* 120 *Ga.* 167, 171 (47 S. E. 520).

3. None of the other grounds of the motion for new trial show error or require discussion.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., dissenting. Alibi as a defense involves the impossibility of the defendant having been at the scene of the crime at the time of its commission; and the range of the evidence in this case is not such as to involve that defense, or to require a charge thereon.