## 19873.  JOHNSON *v.* THE STATE.

BROYLES, C. J.  1. Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial disapproved by the trial court can not be considered by this court.  Upon such an issue the trial judge is the trior, and his decision will not be controlled unless manifestly abused.  In the instant case the court disapproved a ground of the motion for a new trial complaining of the court's failure to charge the law of alibi.  The judge disapproved the ground for the reason that the charge was not taken down by the stenographer nor reduced to writing, and that he, after a considerable lapse of time, could not remember whether or not he had instructed the jury upon the law of alibi.  Under the circumstances no abuse of discretion appears.  Moreover, the evidence as to an alibi was not of such strong probative value as to require a charge upon that subject, in the absence of a timely and appropriate written request.  *Paulk* v. *State,* 8 *Ga. App.* 704 (2) (70 S. E. 50).

2. The alleged newly discovered evidence is cumulative and impeaching in its character.  Furthermore, the ground based upon such evidence is defective in two particulars:  (1) there is no affidavit by the "newly discovered" witness (*Burge* v. *State,* 133 *Ga.* 431 (2), 66 S. E. 243); and (2) the supporting affidavit as to the character, residence, etc., of the "newly discovered" witness fails to give the names of her associates.  *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175).  The court did not err in overruling that ground of the motion.

3. The verdict was authorized by the evidence.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED AUGUST 23, 1929.

*Marion Turner,* for plaintiff in error.
*M. H. Boyer, solicitor-general,* contra.