## 25717. DIGBY *v.* THE STATE.

Decided October 23, 1936.

*W. S. Florence,* for plaintiff in error.
*C. S. Baldwin Jr.,* solicitor-general, contra.

406

Broyles, C. J.   ■   "The defense of alibi relied upon was not sustained by the evidence. It wholly failed to exclude the *possibility* [italics ours] of the defendant's presence at the time and place of the commission of the offense. . . The evidence in support of the defense of alibi was not of such clear and strong probative value as to require from the court an instruction on the law of alibi, especially in the absence of a timely written request. It is only where the defense of alibi is sustained, or where the evidence is close on this issue, that the trial judge is required to charge the law of alibi, without any [requested] instruction." *Paulk* v. *State,* 8 *Ga. App.* 704 (2) (70 S. E. 50), and cit. Applying this ruling to the facts of the instant case, the omission to charge the jury on the law of alibi was not error.

■   Ground 5 of the motion for new trial is as follows: "It is contended that the court erred in charging the circumstances of possession, (1) as proven, (2) as being a fundamental proof of guilt, (3) as being positive proof, while the same was but a circumstance from which guilt could be presumed, as a matter of fact only, provided no sufficient explanation was made of possession by the defendant. (4) That the court erred in charging the jury that the criminal possession was ever placed on the defendant, for the positive proof was that Emory Ozborne was the owner in control of the house and that the quilts were deposited, in the absence of the defendant, in a house he had vacated and of which Emory Ozborne had exclusive possession and in the absence of the accused." This ground is too vague and incomplete to raise any question for consideration. It is well settled that a ground of a motion for new trial must be complete and understandable within itself, and that it will not be considered by the reviewing court where, in order to understand the error complained of and whether such error is harmful, a reference to the brief of the evidence, or some other part of the record, is necessary. In the instant ground no excerpt from the charge is quoted or set forth in the language used by the court, as should have been done; nor does the ground attempt to do so. Furthermore, the ground alleges that "the positive proof" showed certain things (which were stated in the ground), but no evidence is set forth in the ground. Clearly, the ground is not complete and understandable within itself. Grounds 6, 7, 8, and 9 are subject to the same criticism. The remaining grounds are without substantial merit.

■ The defendant was convicted of burglary. The corpus delicti was proved, and the evidence showed that some of the fruits of the burglary were found in the recent possession of the defendant. In his statement at the trial he made an explanation of his possession of the stolen goods, but evidently the explanation was not satisfactory to the jury. The evidence, while circumstantial, was sufficient to authorize the jury to find that it excluded every reasonable hypothesis save that of the defendant's guilt. It follows that the refusal to grant a new trial was not error. *Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*