36706. JENKINS *v.* THE STATE.

TOWNSEND, J. 1. "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code § 38-122.

2. It is error, even in the absence of request, to fail to charge on the law of alibi, where this is the defendant's sole defense and is supported not only by his statement but by the testimony of witnesses. *Holland* v. *State*, 17 *Ga. App.* 311 (86 S. E. 739); *Mosley* v. *State*, 165 *Ga.* 290 (140 S. E. 754); *Paulk* v. *State*, 8 *Ga. App.* 704 (2) (70 S. E. 50).

3. In the present case, on the trial of the defendant in that he did "unlawfully allow fire to escape from his control, he being the person who built and had charge of the fire and did allow such fire to spread to the lands of another person," two witnesses for the defendant testified to the effect that when the fire started the defendant was with them at distances estimated by one as being a quarter of a mile away, and by the other as three quarters of a mile away. This evidence, if believed by the jury, would require a finding that the defendant did not set the fire. Accordingly, the court erred in failing to charge on the law of alibi as contended in the special ground of the motion for new trial.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 17, 1957.

*Casey Thigpen*, for plaintiff in error.
*T. A. Hutcheson, Solicitor*, contra.