### 41948. COPPAGE v. THE STATE.

NICHOLS, Presiding Judge. 1. "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." *Code* § 38-122. "It is error, even in the absence of request, to fail to charge on the law of alibi, where this is the defendant's sole defense and is supported not only by his statement but the testimony of witnesses." *Jenkins v. State*, 96 Ga. App. 86 (99 SE2d 474).

See also *Hobbs v. State,* 8 Ga. App. 53 (68 SE 515); and *Mosley v. State,* 165 Ga. 290 (140 SE 754).

2. Where, as in the present case, the sole defense of defendant was that of alibi as raised by defendant in his unsworn statement, and supported by testimony of other witnesses for defendant, under the authorities cited above, the trial court erred in failing to charge the jury, without request, on the law of alibi.

*Case remanded for new trial. Hall and Deen, JJ., concur.*

SUBMITTED APRIL 5, 1966—DECIDED APRIL 12, 1966.

*H. B. Edwards, Fred L. Belcher, Hugh D. Wright,* for appellant.