### URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF LOUISVILLE, Appellant,

v.

### Harry W. FLEDDERMAN, d/b/a Little Liquor Store, and Carrie Davis Fledderman, his wife, Appellees.

Court of Appeals of Kentucky.

Oct. 6, 1967.

Robert W. Zollinger and Dennis J. Haugh, Louisville, for appellant.

Henry V. B. Denzer and Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

CULLEN, Commissioner.

In condemnation proceedings instituted by the Urban Renewal and Community Development Agency of Louisville the jury awarded the landowner, Harry Fledderman, $38,000 as damages for the taking in toto of a lot with two connected store buildings on it at the corner of First and Jefferson Streets in Louisville. Judgment was entered accordingly. The agency has appealed, asserting several grounds of error.

The first contention is that the trial court erred in ruling that the "date of taking" as of which the property was to be valued was the date of the first public hearing on the urban renewal project, which date, March 27, 1961, was some five years before the actual taking of the property in the condemnation proceeding. It is contended that this ruling was erroneous under the holdings in Tharp v. Urban Renewal and Community Development Agency, Ky., 389 S.W.2d 453, and Commonwealth, Department of Highways v. Claypool, Ky., 405 S.W.2d 674. We agree that the ruling was erroneous but we find that the appellant is in no position to complain of it. The record shows that prior to the trial, on the appellant's motion for a pre-trial conference "in order to determine the effective date of taking," an order was entered, "the Court having heard argument of counsel," fixing the date of taking as March 27, 1961. No objections or exceptions were made by either party and upon the trial the agency proceeded to put on its proof using the fixed date as the date for valuation. Only at a late stage in the trial, when one of the condemnee's witnesses was on the stand, did the agency raise the point that the order fixing the date was wrong. The fatal defect in appellant's argument on this point lies in the fact that as far as the record shows the *appellant* may have *asked* the court to fix the 1961 date. There is nothing in the record to show that at any time prior to the late stage in the trial above mentioned the appellant had advocated any other date than the one fixed by the court. The appellant therefore is not entitled to raise the question on appeal.

Appellant's second contention is that the trial court erred in allowing the condemnee to use as an appraisal witness a man who had been hired by the appellant to make an appraisal of the property in question but whose appraisal had been rejected by the appellant as being too high. The condemnee not only used the man as a witness but brought out and commented to the jury on the fact that the man originally had been employed by the renewal agency to appraise the property.

There is a division of authority on the propriety of one party's using as a witness the other party's paid expert. See Annotation, 77 A.L.R.2d 1182, at 1191. We believe that such use is proper and we concur in the views of the Georgia Court of Appeals as stated in Logan v. Chatham County, 113 Ga.App. 491, 148 S.E.2d 471, at 473:

"We see no valid reason why an independent real estate appraiser, who has knowledge of the facts pertaining to realty being condemned and who from that knowledge has applied his expertise and formed an opinion as to the value of the property, should not be subject to subpoena and offered as a witness by either party to the litigation, and that without regard as to which of the

parties employed him to make the appraisal and paid his fee. The ultimate end of all litigation is the ascertainment and rendition of the truth. The truth can be determined only through the sworn testimony of witnesses. Thus, any person not privileged having knowledge of issues being tried should be made available to the parties as witnesses. Neither a real estate appraiser nor his opinion is privileged. While it is certainly true that a real estate appraiser cannot be compelled to expend his time and knowledge in making an appraisal and forming an opinion as to value without remuneration for his efforts (Schofield v. Little, 2 Ga.App. 286, 58 S.E. 666), nevertheless once he has made the appraisal and formed an opinion he may be compelled to testify at the instance of either party. As Judge Russell has stated 'Only when expressly provided by law can the privilege of a witness resist the demand of justice for the truth, and the witness refuse to answer a legal question. A physician is competent to testify as an expert, and no expert can refuse to testify because he has not been compensated or will not be compensated for his testimony. An expert testifying as a witness, has no greater privilege than any other witness.' Dixon v. State, 12 Ga. App. 17, 76 S.E. 794."

To the same effect see State Highway Commission v. Earl, S.D., 143 N.W.2d 88.

■ As a third contention appellant maintains that the jury erroneously was permitted to consider enhancement in value of the property directly attributable to the urban renewal project, when in connection with the examination of one of the condemnee's witnesses a plat of the general area was shown to the jury bearing at different points the words "Holiday Inn," "Howard Johnson" and "Ramada Inn." It is argued that this improperly brought to the attention of the jury that three elaborate new motels were going to be constructed in the area, from which fact the jury might infer (although no one so testified) that the value of the piece of property being condemned would be enhanced. From our examination of the record we do not find any indications that the mere showing to the jury of the plat, with no comment by counsel or witness to call attention to or give significance to the three names upon it, was of prejudicial proportions.

■ The fourth claim of error relates to the denial of appellant's motion that the jury be sent to view the property. Under the special statutes governing condemnation for urban renewal projects, KRS 99.420(7), a jury view is not mandatory but is within the discretion of the court. The trial court denied a jury view in the instant case because of the substantial change that had taken place in the general area of the condemned property as the result of the beginnings of the urban renewal work. The appellant argues that there was no change in the *immediate proximity* of the property in question, and that there was no *evidence* in the record of any change even in the general area. It is our opinion that in a case such as this one, involving a major urban project the progress of which is a matter of common observation and knowledge, the trial judge properly could resort to his observation and knowledge of the situation in the general area, without requiring formal evidence, in ruling on a motion for a jury view. And we cannot say the judge erred on the question of whether the jury reasonably could have confined its view to the *immediate proximity* of the condemned property.

■ Our attention is called to the fact that the trial court repeatedly refused to grant the condemnor's motions, made prior to the setting of the case for trial, for an interlocutory order granting possession. The court did not award possession until *after* the trial. The appellant seeks no specific relief on this appeal with reference to this, but asks us to express an opinion for future guidance. We think it is suf-

ficient for us to say that the statute, KRS 99.420(9), seems to contemplate the awarding of possession upon motion of the agency unless there is a genuine issue in the case as to the right to condemn.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.