24703. PIPPINS v. THE STATE.

ARGUED JUNE 11, 1968—DECIDED JULY 2, 1968.

*Carlisle & Chason, Ralph E. Carlisle, Cain, Smith & Porter, J. R. Porter,* for appellant.

*Fred B. Hand, Jr.,* Solicitor General, *Arthur K. Bolton,* Attorney General, *Marion O. Gordon,* Assistant Attorney General, *William R. Childers, Jr.,* Deputy Assistant Attorney General, for appellee.

GRICE, Justice. Upon indictment for robbery by force, Ray-

burn Pippins was tried and found guilty in the Superior Court of Grady County and sentenced to five years confinement in the penitentiary. His motion for new trial complains of the general grounds and also of permitting the sheriff and a deputy sheriff to testify although they remained in the courtroom after the sequestration of witnesses rule had been invoked. Enumerated as error in this appeal are the denial of this motion for new trial and also the failure of the court to charge the jury on circumstantial evidence and alibi.

■ The general grounds are not meritorious since there was evidence to support the verdict. The testimony was that the defendant, another person and the victim were together in a pool hall earlier on the evening of the robbery. The latter testified that he had money on his person; that he accepted the offer by the defendant and the other person to carry him to his hotel; that instead they took him to the edge of town where they stopped the car; that the other person struggled with him and tried to seize his billfold; that the defendant knocked him unconscious; and that when he regained consciousness he was in the hospital and his money was gone. He was positive in his identification of the defendant. There was also testimony which identified an automobile belonging to the defendant's uncle and frequently used by the defendant as the one parked by the edge of the road where the victim was found a short while later.

■ No error was committed in permitting the sheriff and his deputy to testify over the defendant's objections.

Those objections were essentially the same. As to the sheriff, the objection was that the rule was invoked and the witnesses sent out, but that he had stayed in the courtroom and heard all of the testimony. As to the deputy the objection was that the rule was invoked by the State and the witnesses sent out of the room, and he was not privileged to stay in the courtroom and hear testimony and then testify.

It should be pointed out that the objection was not that the trial court abused its discretion in applying *Code* § 38-1703, by permitting these officers to remain in the courtroom. See *Dye v. State*, 220 Ga. 113, 114-115 (137 SE2d 465).

Rather, the objection was that they were incompetent to tes-

tify because they had violated the rule by remaining and hearing the testimony of other witnesses. This court has repeatedly held that the fact that a witness had violated the rule does not disqualify him from testifying. *McWhorter v. State*, 118 Ga. 55 (6) (44 SE 873); *Phillips v. State*, 121 Ga. 358 (3) (49 SE 290); *Shelton v. State*, 220 Ga. 610 (140 SE2d 839). The violation may be considered on their credibility, as the trial court instructed the jury.

■ The trial court did not err in failing, without request, to charge on circumstantial evidence. The State's case did not rest upon circumstantial evidence alone. There was direct evidence as to the identity of the defendant as a perpetrator of the crime and as to the automobile which he used. The rule is that "A charge to the jury on circumstantial evidence is required only when the case is wholly dependent thereon." *Williams v. State*, 196 Ga. 503 (1) (26 SE2d 926), and citations.

■ However, error was committed by the trial court in failing to charge the jury, even without request, on the law of alibi, the defendant's sole defense. As to the defendant's contentions, the court charged only that he had plead not guilty, and that if the jury should find that the State had not proven to the jury's satisfaction beyond a reasonable doubt that the defendant was guilty of the charge as made and it desired to acquit him, the form of the verdict should be "we find the defendant not guilty."

Our *Code*, § 38-122, provides that "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence."

In the instant case the evidence established that the robbery occurred on March 20, 1967, on the edge of a named public highway about three miles from the City of Cairo in Grady County. As to the time of its commission, one witness said he saw the car used by the defendant there between 10:30 and 11:00 p.m. on that date. Another witness testified that he received an emergency call pertaining to the robbery at "around" 10:30 p.m. The testimony of the State, positively identifying the defendant as committing the robbery at the time and place above stated, was

in conflict with that of the defendant. He swore that he was in the pool hall in Cairo between 10:30 and 11:00 p.m., or a little after, that night; that he was home 15 or 20 minutes later, and went to bed at about 11:40 p.m.

This testimony, construed most favorably for the defendant, tended to show impossibility of his presence at the scene at the time of the offense. Since alibi was his sole defense and was thus sustained by some evidence, it was reversible error not to charge upon it even in the absence of a request. *Fletcher v. State*, 85 Ga. 666 (11 SE 872); *Cutts v. State*, 86 Ga. App. 760 (72 SE2d 565), and citations. See also, *Code* § 38-122, annotation, catchword "Charge."

In view of the ruling made in Division 4, the judgment is

*Reversed. All the Justices concur.*