### 43498. TILLER v. THE STATE.

BELL, Presiding Judge. Defendant was tried under an indictment for rape and convicted of assault with intent to rape. On appeal to this court we certified a jurisdictional question in the case to the Supreme Court which was answered in the affirmative. See *Tiller v. State*, 224 Ga. 645. *Held:*

1. The victim testified that she first saw defendant at about 7:40 o'clock in the evening and that he assaulted her at about 7:45. One witness testified that on the same evening he saw defendant several blocks away from the scene of the assault at approximately 7:40 p.m. Another witness testified that defendant came into a bar several blocks away a while before 8 o'clock that evening and stayed several hours. Defendant's own testimony was consistent with that of the alibi witnesses. Construed most favorably for the defendant, this evidence tended to show impossibility of his presence at the scene of the offense at the time of its commission. Thus it was harmful error, even in the absence of request, to fail to charge the jury on the law of alibi, where this was the defendant's sole defense. *Moseley v. State*, 165 Ga. 290 (140 SE 754); *Pippins v. State*, 224 Ga. 462, 464 (162 SE2d 338); *Hobbs v. State*, 8 Ga. App. 53, 58 (68 SE 515); *Holland v. State*, 17 Ga. App. 311 (1) (86 SE 739); *Jenkins v. State*, 96 Ga. App. 86 (99 SE2d 474); *Coppage v. State*, 113 Ga. App. 482 (148 SE2d 484).

2. The second ground of the enumeration of errors is without merit.

*Judgment reversed. Hall and Quillian, JJ., concur.*

SUBMITTED MARCH 5, 1968—DECIDED NOVEMBER 1, 1968.

*Hester & Hester, Frank B. Hester, Stanley H. Nylen,* for appellant.

*Lewis R. Slaton, Solicitor General, Carter Goode, Amber W. Anderson, J. Walter LeCraw,* for appellee.