## 45523.   BROWN v. THE STATE.

WHITMAN, Judge. 1. "It is error, even in the absence of request, to fail to charge on the law of alibi, where this is the defendant's sole defense and is supported not only by his statement but by the testimony of witnesses. *Holland v. State,* 17 Ga. App. 311 (86 SE 739); *Mosley v. State,* 165 Ga. 290 (140 SE 754); *Paulk v. State,* 8 Ga. App. 704 (2) (70 SE 50)." *Jenkins v. State,* 96 Ga. App. 86 (2) (99 SE2d 474). "Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." *Code* § 38-122.

2. The defendant's sworn testimony was that she was in Savannah, Georgia, when the crime charged in the indictment (selling nontax-paid whiskey in Washington County) allegedly occurred. Her testimony was supported by the testimony of at least three other witnesses who testified on her behalf, which tended strongly to support her defense of alibi. In this connection see *Tiller v. State,* 118 Ga. App. 590 (164 SE2d 915). In addition to the case of *Jenkins v. State,* supra, see also *Coppage v. State,* 113 Ga. App. 482 (148 SE2d 484), and *Pippins v. State,* 224 Ga. 462, 464 (162 SE2d 338).

The trial court erred in failing to charge the jury on the law of alibi even without request.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*
SUBMITTED SEPTEMBER 8, 1970—DECIDED SEPTEMBER 18, 1970.

*Casey Thigpen,* for appellant.
*Thomas A. Hutcheson, Solicitor,* for appellee.