## 26670. FARMER v. THE STATE.

UNDERCOFLER, Justice. The appellant was convicted of bribery and sentenced to two years imprisonment. Among other contentions in this appeal, he asserts that the trial court erred: (1) in denying his motion to suppress wire-tap evidence which was obtained without an order of the superior court; (2) in denying his motion to quash the indictment because it was based on said illegally obtained wire-tap evidence; and (3) in not holding unconstitutional *Code Ann.* § 26-3006 (Ga. L. 1968, pp. 1249, 1333). *Held:*

1. "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Fourth Amendment, U. S. Constitution (*Code* § 1-804). Wire-tapping comes within this constitutional protection. Katz v. United States, 389 U. S. 347 (88 SC 507, 19 LE2d 576).

In addition both Congress and the Georgia General Assembly have adopted statutes which make wire-tapping unlawful. 18 USCA 2510 et seq.; *Code Ann.* § 26-3001 et seq. (Ga. L. 1968, p. 1249). The statutes are comprehensive and define certain circumstances under which wire-taps are not unlawful. They also provide for the issuance of wire-tap warrants by duly constituted authority. See *Cross v. State,* 225 Ga. 760 (2) (171 SE2d 507).

The State contends that the wire-tap evidence in this case is admissible in evidence even though obtained without the proper warrants because it was not unlawful. We do not agree. The wire-tap may not have been unlawful and not subject to prosecution under the statutes. However, that can not alter the mandate of the Fourth Amendment to the United States Constitution as interpreted in Katz v. United States, 389 U. S. 347, supra, holding that

226

a wire-tap is an unlawful search and seizure without the proper warrants. Accordingly, the wire-tap evidence in this case was inadmissible in evidence against the defendant. See Alderman v. United States, 394 U. S. 165 (89 SC 961, 22 LE2d 176).

2. This court will not pass upon the constitutionality of an Act of the General Assembly in any case where a proper basis for a valid judgment on some other ground exists. *Cross v. State,* 225 Ga. 760 (1), supra.

3. The trial court did not err in denying the motion to quash the indictment. The evidence which the grand jury receives in finding a true bill is not subject to inquiry. *Williams v. State,* 222 Ga. 208, 212 (149 SE2d 449).

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 16, 1971—
DECIDED OCTOBER 21, 1971.

*Harrison, Martin, Childs & Foster, Mobley F. Childs, John S. Harrison,* for appellant.
*Richard Bell, District Attorney,* for appellee.