## 48612. WELCH v. THE STATE.

STOLZ, Judge. The defendant appeals from his conviction on two counts of violating the Uniform Narcotic Drug Act and from the denial of his motion for a new trial as amended. *Held:*

1. The trial judge did not err in overruling the defendant's motion for a directed verdict on the grounds of the alleged insufficiency and illegality of the evidence upon which the grand jury returned the indictment, when the attacks on the indictment were made for the first time at the close of the state's case. See *Bryant v. State,* 224 Ga. 235 (161 SE2d 312) and cits.; *Powers v. State,* 172 Ga. 1 (3) (157 SE 195); *Farmer v. State,* 228 Ga. 225 (3) (184 SE2d 647) and cit.; *Summers v. State,* 63 Ga. App. 445, 447 (11 SE2d 409).

2. The trial judge did not err in overruling the defendant's motion

for a directed verdict based upon the alleged insufficiency of evidence adduced during the trial. The refusal to direct a verdict of acquittal is not error unless such a verdict is demanded as a matter of law. *Merino v. State,* 230 Ga. 604 (1) (198 SE2d 311); *Munsford v. State,* 129 Ga. App. 547, 549 (199 SE2d 843). The verdict in this case was authorized by evidence that an undercover police agent made purchases of cocaine on two occasions from a person whom he identified as the defendant, who was not shown to be an authorized seller. For this same reason, the overruling of the general grounds of the motion for new trial was likewise not error.

3. The defendant enumerates as error the denial of his request for disclosure of the informer's identity.

The police undercover agent testified that he did not know the defendant, so he took the informer with him to a tavern where the informer identified the defendant for the agent. He further testified that the informer did not introduce him to the defendant, but that the two of them engaged the defendant in conversation, in the course of which the agent indicated to the defendant his desire to purchase illegal drugs; that he followed the defendant alone to a designated residence where the sale was consummated; that the same informer accompanied the agent at the time he *arranged* for a second purchase from the defendant two days later; that he never purchased drugs in his role as undercover agent without having an informer along.

Georgia public policy supports the nondisclosure privilege. *Pass v. State,* 227 Ga. 730, 732 (182 SE2d 779) and cits. The so-called "decoy cases," in which disclosure has been required, are distinguished in *Butler v. State,* 127 Ga. App. 539, 540 (194 SE2d 261) by the fact that the "decoy," by taking an active part in the offense by acting as the purchaser in an illegal sale of contraband, became a material witness to the offense charged. In the case at bar, the evidence shows that the function of the informer was to identify the defendant to the agent, who in turn made the negotiations for and consummation of the sale. If an inference can be drawn from the fact that the informer went further than mere identification and engaged in conversation with the defendant—that the informer was known to the defendant and was utilized to make the defendant more willing to effect the sale to the undercover agent who accompanied him—then the defendant was not deprived of the identity, hence the testimony, of the informer and the privilege was no longer

applicable. Roviaro v. United States, 353 U. S. 53, 60 (77 SC 623, 1 LE2d 639) and cits. One reason given for disclosure in Roviaro, supra, p. 64—that the testimony might have disclosed an entrapment—does not require disclosure here, where the defendant in his unsworn statement relied exclusively on the defense of alibi and the inconsistent defense of entrapment was raised neither by the pleadings nor the evidence. See *McKibben v. State,* 115 Ga. App. 598, 600 (155 SE2d 449). Furthermore, the informer was not the only material witness to the illegal sale, as he was in Roviaro. Other reasons for disclosure given in Roviaro do not exist in the case at bar.

The scope of the informer's privilege is in the discretion of the trial judge. *Scull v. State,* 122 Ga. App. 696, 701 (178 SE2d 720) and cit.; Roviaro v. United States, supra, p. 61, n. 9 and cits. The later cases on the subject allow far more latitude to the trial judge in his determination of the scope of this privilege than do the aforementioned earlier Georgia cases. As the court pointed out in Roviaro, supra, p. 62, ". . . no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." See also United States v. Ybarra, 430 F2d 1230, 1233 (8). The record in the case at bar does not show that the trial judge abused his discretion in this regard.

4. "Every court has power . . .[t]o control, in furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto." Code § 24-104 (4). Accordingly, where the defense counsel had made his final argument and the state's counsel had commenced his argument, but was interrupted by defense counsel's challenge of the record, the trial judge did not abuse his discretion in allowing the jury to recess for lunch and continuing the argument some two hours later upon reconvening after the record had been reviewed and the jury had returned. See *Hayes v. State,* 58 Ga. 35, 46.

5. The defendant enumerates as error the trial judge's failure to charge, without request, on the law of alibi, which the defendant contends was raised by the evidence and by the defendant's

unsworn statement. In the absence of the defendant's timely objection in the trial court on the failure to give such instructions, this court can reverse the trial court on this ground only if "the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74, 75 (195 SE2d 397).

"Alibi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility of presence." Code § 38-122. Where the competent testimony does not exclude the possibility of the defendant's presence with respect to the time and place of the offense for which he was indicted, there is no error in not charging alibi. *Bennett v. State,* 128 Ga. App. 260 (196 SE2d 413) and cit.

The first alleged sale of cocaine by the defendant occurred at approximately 3:00 p.m., August 1, 1972. In his unsworn statement, the defendant stated that he was at a stable on the aforesaid afternoon and that he rode a horse "the rest of the day over to Greenbriar Village and stayed there until dark." Witness Gates testified that he ate lunch with the defendant that day, that the defendant had ridden "up and down the road" and "around the park," and that the defendant had gone off around 5:30 or 6:00 p.m. with a person named Al. Witness Credell testified that he saw the defendant riding "most of the afternoon" on the day in question but that he really did not know what part of the afternoon this observation took place. Witness Gray saw the defendant only about 5:30 or 6:00 p.m. The above testimony indicates that the defendant was not observed continuously during the entire afternoon, especially around the time at which the alleged sale occurred, hence did not exclude the possibility of his presence with respect to the time and place of the offense for which he was indicted. Of course, the defendant's unsworn statement is not evidence. Consequently, his statement as to his activities on the date and time in question cannot fill the void left by the testimony of the witnesses. Had the defendant been sworn, the result would be different, but such is not the case.

The trial judge did not commit reversible error in failing to charge on the law of alibi under the aforesaid circumstances.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 6, 1973 — DECIDED SEPTEMBER 26, 1973 — REHEARING DENIED OCTOBER 17, 1973 —

*John W. Rogers, H. Gilman Hudnall,* for appellant.
*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, James H. Mobley, Jr., Thomas W. Hayes,* for appellee.

ON MOTION FOR REHEARING.

STOLZ, Judge. Defendant urges that the court has misapplied the law of alibi to the case at bar and relies on the decisions of this court in *Holland v. State,* 17 Ga. App. 311 (86 SE 739); *Cutts v. State,* 86 Ga. App. 760 (72 SE2d 565); *Jenkins v. State,* 96 Ga. App. 86 (99 SE2d 474); *Coppage v. State,* 113 Ga. App. 482 (148 SE2d 484); *Tiller v. State,* 118 Ga. App. 590 (164 SE2d 915); and *Brown v. State,* 122 Ga. App. 470 (177 SE2d 509); and the Supreme Court in *Pippins v. State,* 224 Ga. 462 (162 SE2d 338). A review of these cases further confirms the court's decision. In *Holland,* supra, there was no recital of fact, but the decision does show that the alibi defense was sustained by *testimony.* The defendant's unsworn statement is not *testimony* or *evidence.* Code Ann. § 38-415; *Dixon v. State,* 12 Ga. App. 17, 18 (76 SE 794). In *Cutts, Jenkins, Tiller,* and *Brown,* supra, witnesses offered sworn testimony, i.e., evidence, showing the impossibility of the defendant's presence at the scene of the offense at the time of its commission, thus *requiring* the charge on alibi. In *Coppage,* supra, the decision merely states the rule of law on alibi which has been recited in the opinion. In *Pippins,* supra, the Supreme Court held the alibi charge was required by the defendant's *sworn testimony.*

The motion for rehearing is denied.

*Judgment adhered to. Eberhardt, P. J., and Pannell, J., concur.*