## 49609. PEPPER v. THE STATE.

Webb, Judge.

Appellant was tried and convicted of burglary and appeals to this court. *Held:*

1. Appellant's sole defense was alibi, which was raised by testimony of his wife that appellant was with his family at the time of the crime. Appellant complains that the court did not charge the law of alibi. "The court should have charged on alibi, even without request, since this was the defendant's sole defense and was sustained by some evidence." *Pippins v. State,* 224 Ga. 462 (4) (162 SE2d 338). Accord: *Tiller v. State,* 118 Ga. App. 590 (1) (164 SE2d 915) and cases cited; *Brown v. State,* 122 Ga. App. 470 (177 SE2d 509).

2. The court charged the jury: "Now, the court charges you that usually the testimony of a single witness is sufficient to establish a fact. There are certain exceptions in law to this rule, and one of these exceptions applies in cases of a felony charge where the only witness is an accomplice ... Now, as to whether or not Mr. Owens,

the witness for the state, was an accomplice is a question of fact for the jury to determine and the test for determining whether a witness is an accomplice is this: could the witness himself have been indicted for the offense and if he could be so indicted, he is deemed and considered as an accomplice in the eyes of the law. If he could not be indicted, he is not to be deemed and considered as an accomplice. As to whether or not in a criminal case a certain person is an accomplice of another is a question of fact to be determined by the jury under the evidence . . . Now the law says the jury would not be authorized to convict upon testimony of an accomplice alone unless that testimony is corroborated or supported by other evidence in the case, either direct or circumstantial."

Appellant complains that the jury was furnished no standard by which they could determine whether Owens could be indicted for the offense and could thus be considered an accomplice whose testimony required corroboration. While we are cited no cases directly in point, we are of the opinion that the court, having charged the jury that the test was whether or not the witness could have been indicted for the offense, should have furnished the jury with sufficient guidelines with which to determine whether he was so indictable. See *Springer v. State,* 102 Ga. 447 (30 SE 971); *Stone v. State,* 118 Ga. 705 (3) (45 SE 630); *Kearce v. State,* 178 Ga. 220 (2) (172 SE 643).

*Judgment reversed. Pannell, P. J., and Evans, J., concur in the judgment only.*

Submitted September 3, 1974 — Decided October 11, 1974.

*Glenn Zell,* for appellant.

*Edward E. McGarity, District Attorney,* for appellee.