## 50070. SYKES v. THE STATE.

BELL, Chief Judge.

The defendant was convicted and sentenced for the possession of 29 cases of beer for the purpose of sale without first having obtained a license.

1. Defendant alleges that the trial court erred in refusing to grant a mistrial because a state agent in his testimony identified him as the manager of a country club and as having observed him previously driving a vehicle containing beer. Although neither fact alleges a criminal offense, the trial court struck the response of the witness

and gave the jury cautionary instructions. There was no error.

2. Defendant argues that the trial court erred in refusing to direct a verdict of acquittal at the close of the state's case. The state's evidence reveals that defendant was stopped while driving a vehicle loaded with 29 cases of tax-paid beer. After having been advised of his rights and in response to inquiry as to his intention with respect to disposition of the beer, defendant responded that he intended to sell cups at 55 cents each and give the beer away. From that response, plus the quantity of beer, the jury could reasonably infer that defendant had this beer for the purpose of sale. As the evidence authorized the verdict, no error occurred in denying the motion for directed verdict. *Welch v. State,* 130 Ga. App. 18, 19 (202 SE2d 223).

3. It is argued that the trial court erred in charging Code Ann. § 58-726 in its entirety, thereby confusing the jury. The statute is bifurcated. The first part, under which the defendant was accused, proscribes the sale, offering for sale, or possession for the purpose of sale of any malt liquor, without first having obtained a license so to do. The second part holds possession of more than 1440 fluid ounces of *untaxed* malt liquor is a misdemeanor. The evidence clearly established that the beer seized was tax-paid. Therefore, the latter part of the statute did not apply. Immediately preceding the charge complained of the trial judge had instructed the jury that the accusation alleged that the defendant's offense was the wrongful possession of beer for the purpose of sale without first having obtained a license. Read as a whole we do not think that the instructions misled the jury and a new trial is not required.

4. The remaining enumerations are without merit.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JANUARY 6, 1975 — DECIDED MARCH 12, 1975.

*Reed & Dunn, Robert J. Reed,* for appellant.

*Douglas E. Smith, Solicitor,* for appellee.