## 56339. HANDSFORD v. THE STATE.

SMITH, Judge.

The primary contentions in this appeal from a theft-by-taking conviction are that the trial court erred in its handling of an accomplice/corroboration issue and in its handling of the sentencing hearing. We find no error and affirm.

1. There is no merit in the enumerations concerning whether a leading state witness was an accomplice of the appellant and, if so, whether this witness' testimony was corroborated as required by Code § 38-121. The trial court accurately defined the test for whether a witness is an accomplice, and it left the final determination to the jury. Under the evidence presented, the witness may have been an accomplice, or he may not have been. Leaving the issue to the jury was undoubtedly correct. *Pepper v. State,* 133 Ga. App. 1 (209 SE2d 699) (1974); *Payne v. State,* 135 Ga. App. 245, 247 (217 SE2d 476) (1975).

In addition, the trial court precisely instructed the jury as to the quality and quantity of corroboration required in the event the witness was, in fact, an accomplice. We find in the record sufficient, competent, corroborating evidence tending to prove the identity and participation of the appellant. *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) (1974).

The jury was authorized to find either that the witness was not an accomplice, or that he was and his testimony was corroborated.

2. The record does not sustain the contention that appellant's counsel was prevented from stating his grounds for a mistrial motion; the enumeration so alleging is meritless.

3. We find no reversible error in the sentencing phase of this prosecution. The appellant strenuously requested a probated sentence, and the trial court did not exceed the bounds of inquiry permitted by Code § 27-2709 when it sought amplification of some of the matters raised by the pre-sentence report. We particularly note that no objection of any form was raised at any time during the sentencing hearing and that the sentence imposed was well under the maximum allowed for theft by taking.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

Submitted September 11, 1978 — Decided October 5, 1978 — Rehearing denied October 23, 1978 —

*Jay W. Bouldin,* for appellant.
*George C. Floyd, Assistant District Attorney,* for appellee.