## 65926. FITZGERALD v. THE STATE.

Deen, Presiding Judge.

Fitzgerald appeals his conviction of aiding his son to escape from the Wilcox County jail on October 10, 1981.

1. Appellant contends that his oral statement made while in custody was inadmissible because it was not voluntary and because it was the product of an illegal arrest warrant. At the hearing pursuant to Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), the state presented evidence that the appellant had been given his Miranda warnings at the time of his arrest on October 10, 1981, and again on October 12, 1981; he refused to sign any acknowledgment of the warnings. On October 14, 1981, appellant requested to talk with the sheriff, and he then explained how he had helped his son escape from jail by earlier taking him some hacksaw blades, as well as a coat and a hat on the day of the escape. The appellant stated that he had not been informed of his rights until October 12, 1981, and he denied making the oral statement of October 14, 1981. There was no evidence of any coercion.

The state has the burden of proving voluntariness by a preponderance of the evidence, Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972), and it carried that burden sufficiently to support the trial court's finding of voluntariness. We must accept the trial court's factual determination unless it is shown to be clearly erroneous. *Jones v. State,* 245 Ga. 592 (266 SE2d 201) (1980).

Appellant does not dispute the existence of probable cause for his arrest; rather, he contends that the arrest warrant was deficient because the averring officer failed to indicate the basis of his information and its reliability. Appellant, however, was actually arrested the day before the warrant was obtained. OCGA § 17-4-20 (Code Ann. § 27-207) allows a warrantless arrest by a law enforcement officer "if the offense is committed in his presence or within his immediate knowledge, if the offender is endeavoring to escape . . . or for other cause if there is likely to be a failure of justice for want of a judicial officer to issue a warrant." The sheriff had questioned the appellant about the escape but had not decided to arrest him until subsequent investigation. The appellant thus knew that he was under investigation, and under these circumstances we believe the sheriff, once he found probable cause for arrest, was justified in proceeding directly to arrest the appellant without first obtaining a warrant. See *Chaney v. State,* 133 Ga. App. 913 (213 SE2d 68) (1975). Appellant not having been a victim of an illegal arrest, his statement given three days following the arrest was not tainted. *Cofield v. State,* 247 Ga. 98 (274 SE2d 530) (1981).

2. Appellant asserts that the trial court erred in denying his oral motion to dismiss the indictment made at the close of the state's case, on the grounds that the indictment was based upon an allegedly deficient arrest warrant and not because of any defect of the indictment itself. There is no merit to this contention. Once the grand jury returns an indictment, the state is not required to make a further showing of probable cause, and the evidence reviewed by the grand jury in finding a true bill is not subject to inquiry. *Anderson v. State,* 249 Ga. 132 (287 SE2d 195) (1982); *Farmer v. State,* 228 Ga. 225 (184 SE2d 647) (1971). See also *Welch v. State,* 130 Ga. App. 18 (202 SE2d 223) (1973).

3. Appellant also contends that the trial court erred in allowing the sheriff to read the statement of the alleged accomplice, over defense counsel's objection that it was inadmissible hearsay, and in denying the defense counsel's request to examine the written statement (which was not introduced as evidence by the state). The accomplice, who pled guilty prior to appellant's trial, testified at trial to the same matters contained in this statement which inculpated the appellant. The sheriff was asked by the state to read the statement to show what information he had related to the justice of the peace in obtaining the arrest warrants.

OCGA § 24-3-52 (Code Ann. § 38-414) provides that "[t]he confession of one joint offender or conspirator made after the enterprise is ended shall be admissible only against himself." The out-of-court statement of the joint offender thus was not probative evidence of the appellant's guilt. This statute, however, does not prohibit a joint offender from testifying at trial as a witness for the state. *Hill v. State,* 239 Ga. 278 (236 SE2d 626) (1977). In this case, because the same information contained in the objectionable statement of the joint offender was introduced as evidence through the competent testimony of the joint offender at trial, the sheriff's reading of the statement, if error, was harmless. See *Rhodes v. State,* 135 Ga. App. 484 (218 SE2d 159) (1975). This conclusion of harmless error is bolstered by the fact that the appellant's own confession, which was properly admitted into evidence, clearly indicated his guilt as charged. *Mahone v. State,* 237 Ga. 120 (227 SE2d 16) (1976).

We also find no error in the denial of the oral in-court request of appellant's counsel to examine the written statement. The entire statement was read by the sheriff, and appellant has made no showing or assertion that the lack of the written statement impaired his defense so as to deprive him of a fair trial. *Jackson v. State,* 242 Ga. 692 (251 SE2d 282) (1978).

4. Appellant's assertion that the trial court erred in admitting

into evidence the crowbar, hacksaw and blades, and a set of ·bolt cutters is without merit. The only objection to the admission of these exhibits made at trial was that a chain of custody had not been shown. There is no requirement, however, of establishing a chain of custody for a "distinct physical object that can be identified and differentiated by the senses on observation." *Starks v. State,* 113 Ga. App. 780, 781 (149 SE2d 841) (1966); *Norwood v. State,* 238 Ga. 199 (232 SE2d 70) (1977). On appeal, appellant maintains that there was no evidence to connect him with these physical objects other than the uncorroborated testimony of the accomplice; his argument ignores the other evidence, including the testimony of the hardware store clerk and the appellant's own statement.

5. In contending that there was insufficient admissible evidence to sustain his conviction, appellant primarily argues that the testimony of his joint offender/accomplice was not sufficiently corroborated. There are several guidelines with which to determine the extent of corroboration necessary: (1) the accomplice's testimony does not have to be corroborated in every material part; (2) it is not required that the corroboration be sufficient to support a conviction; (3) the corroborating circumstances need not be enough to amount to another witness; (4) slight evidence of corroboration connecting the defendant with the crime is sufficient; and (5) the sufficiency of corroboration is a matter for the jury. *Quaid v. State,* 132 Ga. App. 478 (208 SE2d 336) (1974). It must be emphasized, however, that "insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) (1974). Review of the record discloses sufficient corroboration of the accomplice's testimony.

The accomplice testified that he and the appellant had taken hacksaw blades to the appellant's incarcerated son, and that the appellant had slipped a crowbar to his son through the cell window. He also testified that the appellant had claimed to have driven his escapee son a short distance out of town. Corroborating evidence included the testimony of a hardware store clerk about the appellant's visit to that store looking for hacksaw blades sturdy enough to cut burglar bars, as well as the hacksaw blades and crowbar actually discovered in the ventilation duct of the cell from which appellant's son escaped. Other inmates at the jail at the time of the escape testified that the appellant and his son were together in the jail hall; one inmate stated that the appellant gave him some of his son's personal effects as they departed. Further, appellant's own statement that he had taken hacksaw blades to his son corroborated the accomplice's testimony. In short, there was sufficient

corroboration of the accomplice's testimony. *Hill v. State,* supra, and the evidence adduced by the state was sufficient to enable any rational finder of fact to find beyond a reasonable doubt that the appellant aided the escape of his son. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

6. Appellant also asserts that the trial court erred in restricting his presentation of any evidence of jail conditions as excuse or mitigation for escape. However, both the Supreme Court and this court have expressly disallowed consideration of jail conditions as excuse or justification for escape. *Grimes v. Burch,* 223 Ga. 856 (159 SE2d 69) (1968); *Coley v. State,* 135 Ga. App. 810 (219 SE2d 35) (1975). Counsel for appellant, in any event, did not object to the trial court's restriction on such evidence.

7. Appellant contends that the trial court wrongfully curtailed his cross-examination of the sheriff, regarding the sheriff's interrogation of the accomplice and the sheriff's knowledge of the reading of the Miranda rights to the appellant by the GBI agent on October 12, 1981. During the Jackson v. Denno hearing to determine the voluntariness of the oral statement given by the appellant on October 14, 1981, counsel for appellant asked the sheriff whether he had questioned the accomplice when he first approached the appellant and the accomplice in the course of investigating the escape. The trial court sustained the state's objection that this inquiry was irrelevant and immaterial to the specific issue of voluntariness of the appellant's statement. Counsel for appellant also asked the sheriff if he knew where the GBI agent obtained the form or paper from which the agent read the Miranda rights to the appellant, and the sheriff responded in the negative. The trial court prevented appellant's counsel from repeating the question, on the grounds of repetitiveness, and he advised counsel that he could call the GBI agent as a witness if he wished to pursue the matter.

Appellant, of course, had the right to a thorough and sifting cross-examination of any witness called against him. OCGA § 24-9-64 (Code Ann. § 38-1705). However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused. *Page v. State,* 159 Ga. App. 344 (283 SE2d 310) (1981); *Hudson v. State,* 137 Ga. App. 439 (224 SE2d 48) (1976). Further, where a question has been asked of and answered by a witness, the trial court does not unduly limit the right to a thorough cross-examination by disallowing its repetition. *Corn v. State,* 142 Ga. App. 798 (237 SE2d 203) (1977); *Garrett v. State,* 141 Ga. App. 584 (234 SE2d 161) (1977). The trial court below did not err in disallowing the question of whether the sheriff had

interrogated the accomplice, since it had no bearing on the voluntariness of the appellant's statement, and in disallowing an obviously repetitious line of questioning.

8. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED APRIL 18, 1983.

*David E. Morgan III,* for appellant.
*Gary C. Christy, District Attorney,* for appellee.